**NOT FOR PUBLICATION**

**FILED**

MAR 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLAVIO MENDEZ-GONZALEZ, | No. 19-71384 |
| Petitioner, | Agency No. A087-908-187 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2021[**]
Phoenix, Arizona

Before: HAWKINS and BUMATAY, Circuit Judges, and CARDONE,[***] District Judge.

Petitioner Flavio Mendez-Gonzalez ("Mendez"), a native and citizen of

Mexico, seeks review of an order from the Board of Immigration Appeals ("BIA")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

adopting without opinion an Immigration Judge's ("IJ") denial of relief under the Convention Against Torture ("CAT"). In 2014, Mendez was kidnapped in Mexico, beaten, and held for ransom. After he managed to escape, Mendez entered the United States. When the government detained Mendez and initiated removal proceedings, Mendez applied for withholding of removal and CAT protection. The IJ denied both, holding as to the latter that he was not likely to be tortured with the consent and acquiescence of the Mexican government. The BIA affirmed without opinion. Mendez only appeals the CAT denial.

Because the BIA adopted the IJ's order, "we review the IJ's decision as if it were that of the BIA." *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005) (simplified). The BIA's factual findings are reviewed for substantial evidence, and legal questions are reviewed de novo. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020).

On appeal, Mendez argues only that the IJ failed to explain its decision or conduct an individualized analysis of his claim in light of the 2013 and 2016 country reports. "In order for the court to exercise our limited authority, there must be a reasoned explanation by the BIA of the basis for its decision." *Pirir-Boc v. Holder*, 750 F.3d 1077, 1086 (9th Cir. 2014) (simplified). Thus, even though "the BIA is not required to discuss each piece of evidence submitted," a decision "cannot stand" if "there is any indication that the BIA did not consider all of the evidence before

it." *Id.* (simplified).

We conclude that the IJ satisfied the necessary obligations. The IJ determined that Mendez had failed to show he would be tortured upon removal to Mexico. Although the IJ's analysis of the CAT claim was limited, the IJ thoroughly discussed the threat to Mendez if he returned to Mexico as part of the withholding of removal claim. The IJ ultimately concluded that Mendez did not establish it was "more likely than not that his life or freedom would be threatened if he were returned to Mexico" because no evidence indicated he would encounter his kidnappers again. Such a finding supports the IJ's related conclusion that the evidence did not show there is a "'chance greater than fifty percent that [Mendez] will be tortured' by, at the instigation of, or with the consent or acquiescence of the Mexican government."

Contrary to Mendez's arguments, the IJ explicitly considered the State Department's 2016 Human Rights Report for Mexico and determined that the instances of torture mentioned therein were insufficient to show Mendez would himself be tortured with the consent or acquiescence of the government. Nothing required the IJ to expressly quote the 2013 country report as well, especially since the IJ specifically stated he considered all the evidence submitted by the parties.

The petition is **DENIED**.

3